United States District Court
Southern District of Texas
**ENTERED**
October 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRAD MILLER, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-23-3034 |
| § | |
| ANADARKO PETROLEUM § | |
| CORPORATION CHANGE OF § | |
| CONTROL SEVERANCE PLAN, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Brad Miller sued Anadarko Petroleum Corporation Change of Control Severance Plan and Anadarko Petroleum Corporation Health and Welfare Benefits Administrative Committee for improper denial of benefits under ERISA. (Docket Entry No. 1). After Miller filed his complaint on August 17, 2023, neither of the defendants responded or entered an appearance for one month. Miller moved for default judgment against both defendants on September 18, 2023. (Docket Entry No. 10). On September 29, 2023, the defendants answered and responded to the motion for default judgment, explaining that they had experienced an internal miscommunication that caused them to miss the deadline. (Docket Entry No. 11, 12).

The defendants answered the complaint before a ruling on the motion for default judgment. Courts routinely deny motions for default and default judgment when the delay in answering or filing a responsive pleading is short, there is no prejudice, and there is a meritorious basis to defend. *See, e.g.*, *Alexis v. Sessions*, No. 4:18-CV-1923, 2018 WL 11428241 (S.D. Tex. July 27, 2018); *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003). This case is still in its early stages. *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06–CV–

0005–D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice). Finally, the defendants asserted multiple affirmative defenses in their answer, which should be resolved on the merits. *See Effjohn Int'l Cruise Holdings*, 346 F.3d at 563.

Because the defendants have answered, there is no failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141–42 (5th Cir. 1996) (holding that the defendant's appearance in the suit precluded entry of default judgment); *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir.1992) (stating that making an appearance requires an indication "in some way [of] an intent to pursue a defense," and is a "relatively low threshold" to meet).

The motion for default judgment, (Docket Entry No. 10), is denied.

SIGNED on October 30, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge